

**LDD**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael Reynolds<br>2802 Old Welsh Rd<br>Willow Grove, PA 19090<br>              Plaintiff<br>    v.<br><br>Commonwealth of Pennsylvania Department<br>of Corrections<br>2520 Lisburn Road<br>Camp Hill, PA 17001<br><br>And<br><br>State Correctional Institute Mahanoy<br>301 Morea Road<br>Frackville, PA 17932<br><br>And<br><br>Jeffery A. Beard, Ph.D., individ & in his<br>Official capacity as Secretary of D.O.C<br>2520 Lisburn Road<br>Camp Hill, PA 17001<br><br>And<br><br>John Kerestes, individ & in his official<br>Capacity as Superintendent<br>301 Morea Road<br>Frackvill, PA 17932<br><br>And<br><br>Don F. Young, individ & in his official<br>Capacity as Records Supervisor<br>301 Morea Road<br>Frackvill, PA 17932<br><br>And<br><br>John Does 1-10<br>              Defendants | : CIVIL ACTION NO.:<br><br>: 09 - 3535<br>: FILED<br>: AUG 0 3 2009<br>: MICHAEL E. KUNZ, Clerk<br>: By_____ Dep. Clerk<br><br><br>: JURY OF TWELVE (12) JURORS DEMANDED |

## CIVIL ACTION COMPLAINT

### I. Preliminary Statement

1. This is an action for an award of attorney's fees and costs, compensatory, statutory, and punitive damages, also seeking equitable, injunctive and other relief, for Defendants' Civil Rights violations arising from Plaintiff, Michael Reynolds' wrongful imprisonment and unconstitutional detention that arose from Defendants failure to properly calculate Plaintiff's time served.

2. Individually, jointly or severally, Defendants are liable to Plaintiff for, but not limited to, the below causes of action and aforesaid remedies, for the reasons stated, which reasons are averred upon information and belief, or will become known in discovery or at trial.

3. Plaintiff reserves the right to rely on the "Discovery Rule" and the Doctrine(s) of Equitable Tolling/Fraudulent Concealment, respectively.

### II. Jurisdiction and Venue

4. Plaintiff brings this action pursuant to 42 U.S.C. §1983.

5. Jurisdiction in this Honorable Court is based on federal question conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

6. Venue lies in this District in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, is incorporated or does business here, or the subject of this action is situated within this district.

### III. Parties

7. Plaintiff, Michael Reynolds ("Plaintiff"), is an adult individual and citizen currently residing at the above-captioned address.

8. Defendant, Commonwealth of Pennsylvania Department of Corrections ("DOC"), was, at all times material, a department within the Commonwealth of Pennsylvania and responsible for

Plaintiff's detention and calculating Plaintiff's release date, with agents authorized to receive service of process at the above-listed address.

9. Defendant, State Correctional Institute Mahanoy ("Mahanoy"), was, at all times material, the prison where Plaintiff was held past his release date, and responsible for releasing Plaintiff and accurately calculating his date of release, with agents authorized to receive service of process at the above-listed address.

10. Defendant, Jeffrey H. Beard, Ph.D. ("Beard"), was at all times material the Secretary of DOC and in charge of the policy decisions and the responsibility of overseeing the timely release of prisoners, and was operating in his official capacity as an employee, worker, or agent of DOC at the above-captioned address, and he is being sued individually and in his official capacity, having acted under color of state law.

11. Defendant, John Kerestes ("Kerestes"), was at all times material the Superintendent at Mahanoy, who received actual notice of Plaintiff's complaints and challenges to his detention and was the primary official responsible for the investigation relevant to this matter, and was operating in his official capacity as an employee, worker, or agent of DOC and Mahanoy at the above-captioned address, and he is being sued individually and in his official capacity, having acted under color of state law.

12. Defendant, Don H. Young ("Young"), was at all times material the Records Supervisor at Mahanoy, who received actual notice of Plaintiff's complaints and challenges to his detention and was the primary official responsible for the investigation relevant to this matter, and was operating in his official capacity as an employee, worker, or agent of DOC and Mahanoy at the above-captioned address, and he is being sued individually and in his official capacity, having acted under color of state law.

10.     Defendants, John Does 1-10, is a moniker for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every Count and averment listed above and below.

### IV.   Operative Facts

11.     On or about May 11, 2006, Plaintiff was found guilty of contempt of court and terroristic threats by the Honorable Lisette Shirdan-Harris ("Judge Shirdan-Harris") of the Philadelphia County Court of Common Pleas.

12.     At the time of the above guilty verdict, Plaintiff was incarcerated.

13.     Plaintiff had been in custody since February 6, 2006.

14.     On or about September 12, 2006, Judge Shirdan-Harris sentenced Plaintiff to a minimum of one (1) year and a maximum of two (2) years in custody. (Exh. A)

15.     Judge Shirdan-Harris' sentence included credit for time Plaintiff served from February 8, 2006 through September 12, 2006 (approximately 230 days).

16.     Plaintiff's initial Sentence Status Summary, prepared by DOC, computed Plaintiff's maximum release date as February 8, 2008. (Exh. B)

17.     Plaintiff was given a second computation of the expiration of his maximum sentence, created by DOC, which showed a maximum release date of May 9, 2008.

20.     The change in the credit Plaintiff received was apparently in connection to charges Plaintiff was sentenced for in Montgomery County on or about July 11, 2006. (Exh. C)

21.     DOC did not have the authority to deny Plaintiff credit that was authorized by a judge. Oakman v. Department of Corrections, et al, 903 A.2d 106 (Pa.Cmmwlth. 2006).

22. Despite clear case law to the contrary, DOC, Mahanoy, and Young refused to credit Plaintiff with the credit Judge Shirdan-Harris ordered Plaintiff receive.

23. Throughout his confinement in Mahanoy, Plaintiff filed grievances and challenges to his confinement, which were responded to by Young and Kerestes. (Exh. D)

24. Plaintiff's credit was not adjusted to fit with the Court ordered credit, rather Plaintiff received another computation of the expiration of his maximum sentence, created by DOC, which stated that Plaintiff's maximum release date was September 12, 2008. (Exh. E)

25. The credit was removed based on a communication from Robert Durison, Director of Classification and Movement, Philadelphia County Prison, and ignoring the Court's order. (Exh. F)

26. Upon information and belief, in or around January 2007, Judge Shirdan-Harris wrote a letter to DOC changing Plaintiff's credit.

27. Judge Shirdan-Harris did not enter an order changing Plaintiff's credit.

27. The "new" credit calculation was July 21, 2005 through July 22, 2005 and May 11, 2006 through September 12, 2006 (approximately 119 days).

28. Under this calculation, Plaintiff's maximum date of release should have been on or about May 9, 2008.

29. Kerestes denied Plaintiff's grievance on or around May 9, 2008. (Exh. G)

30. Plaintiff was not released from Mahanoy until June 10, 2008.

31. As there was no Order changing Plaintiff's credit, he should have been released on or around February 8, 2008.

32. Alternatively, should this Court accept Judge Shirdan-Harris' letter as changing Plaintiff's credit; he should have been released on or around May 9, 2008.

33. Defendants failure to adequately respond to Plaintiff's grievances and to accurately calculate time for credit served as ordered by a judge caused Plaintiff to remain incarcerated past his maximum release date.

34. Plaintiff had tried, on numerous occasions, to bring to Defendants' attention the problems with Plaintiff's credit.

35. Defendants intentionally ignored Plaintiff's complaints and failed to adequately investigate and address Plaintiff's concerns.

36. Defendants knew of Plaintiff's assertion that he was being held past his release date as well as their requirements to release people on a timely basis, but refused likewise.

37. Defendants acted with deliberate indifference to Plaintiff's complaints.

## Damages

59. The actions of Defendants deprived plaintiff of his rights, *inter alia*, guaranteed under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution; 42 U.S.C. §1983 et seq.; and the laws of the Commonwealth of Pennsylvania.

60. As a direct and proximate cause of defendants' acts, Plaintiff remained incarcerated for longer than the terms of his sentence, suffered severe deprivation of his privacy and liberty interests, cruel and unusual punishment, and substantial physical and emotional pain and suffering.

61 Plaintiff suffered a loss of earning capacity, employment, and wages during his incarceration.

62. Plaintiff has suffered and continues to suffer severe mental and psychological stress as a result, as well as wage loss and lost earning capacity.

### V. Causes of Action

### COUNT I
### CIVIL RIGHTS VIOLATION - Excessive Confinement

63. Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

64. Plaintiff has a Fourteenth Amendment liberty interest and a due process interest in being released on time.

65. Excessive confinement of an inmate constitutes cruel and unusual punishment, in violation of the Eighth Amendment.

66. Young, Kerestes and other agents of DOC and Mahanoy were on notice to the confinement of Plaintiff and of their obligations to release Plaintiff in a timely manner.

67. Despite the known dangers posed to Plaintiff, Young, Kerestes and other agents of DOC and Mahanoy were reckless and/or recklessly indifferent to the risks posed to Plaintiff by his excessive confinement and his constitutional rights.

### COUNT II
### CIVIL RIGHTS VIOLATION- False Imprisonment

83. Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

84. After the expiration of Plaintiff's sentence, with the properly calculated time served, Defendants did not have and reason to legally justify his incarceration.

85. The aforementioned actions of Defendant directly resulted in Plaintiff's detention without probable cause.

86. Due to Defendant's actions, Plaintiff was incarcerated for longer than his Court ordered sentence.

87. The actions described above were committed with deliberate indifference and reckless disregard to Plaintiff's clearly established and well settled Constitutional and civil rights.

88. Defendant deliberately ignored Plaintiff's grievances and complaints that he was going incarcerated for longer than he should have been.

## COUNT III
### CIVIL RIGHTS VIOLATION-*MONELL*

90. Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

91. DOC, Mahanoy, and Beard, as a matter of policy and practice and with deliberate indifference, failed to properly train and supervise correctional officers and as a result the aforesaid conduct and damages occurred.

92. Specifically, Defendants failed to adequately and properly supervise and train in various aspects of criminal procedure and substance, including, but not limited to, calculating release dates, following Court ordered dates of time served, responding to prisoner's complaints, and the laws of the United States, Commonwealth of Pennsylvania, and otherwise.

93. The actions and conduct of Young and Kerestes were caused by the failure of the DOC, Mahanoy and Beard, with deliberate indifference, to properly train, control or supervise these employees with respect to their duties in accordance with the United States Constitution.

94. The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of those within imprisoned in the state correctional facilities, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

## COUNT IV
### *State Law Claim – False Imprisonment*
*Plaintiff v. DOC, Mahanoy, Kerestes, Young*

102. Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

103. The aforementioned actions of Defendants directly resulted in Plaintiff's over incarceration without probable cause.

104. Defendant's actions were willful.

105. Defendant's action constitutes the state claims for false imprisonment.

106. As a direct result of Defendant's actions, Plaintiff was incarcerated past his release date.

107. Defendant deliberately ignored complaints and grievances by Plaintiff that his release date was wrongly calculated.

## VI. Prayer for Relief

**WHEREFORE**, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and severally, in an amount in excess of $1,000,000.00 ($1 Million), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

a. Injunctive relief including but not limited to monitoring and education;
b. Statutory damages;
c. Compensatory damages, including; and
   i. Actual damages for financial injury (including but not limited to wage loss and loss of earning capacity, and attorneys fees related to the criminal action appeal) and emotional distress;
   ii. Attorneys fees and expenses, and costs of suit; and
d. Punitive damages.

PROCHNIAK WEISBERG, P.C.

/s/ Rebecca M. Steiger, Esquire
MATTHEW B. WEISBERG, ESQUIRE
REBECCA M. STEIGER, ESQUIRE
Attorney for Plaintiff