IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL REYNOLDS, | : |
| Plaintiff | : |
| | : No. CV-09-2072 |
| v. | : |
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF CORRECTIONS, et al. | : |
| Defendants | : |
| | : (Electronically Filed) |

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendants, by their attorneys, hereby submit pursuant to Fed. R. Civ. P. 56 and M.D.L.R. 56.1 the following facts as to which there is no genuine dispute:

1. Plaintiff is Michael Reynolds who was until his release on June 10, 2008confined at the State Correctional Institution at Mahanoy("SCI-Mahanoy"). Reynolds Declaration.

2. On July 1, 2006, Mr. Reynolds was sentenced by the Court of Common Pleas of Montgomery Count at CP5353/2003 to a term of six months to one year. Reynolds Declaration.

3. Reynolds received credit for time spent in the Montgomery County Prison on the charges at CP5353/2003 from February 6, 2006 to July 11, 2006. Reynolds Declaration.

4. On September 12, 2006, Mr. Reynolds was sentenced by the Court of

      Common Pleas of Philadelphia County at MC0485/2006 to a term of one year to two years. Reynolds Declaration.

5. The Commitment Form related to the sentence at MC0485/2006 stated that Mr. Reynolds was to be given pre-commitment credit for the period of February 6, 2006 to September 12, 2008. Young Declaration.

6. However, Robert Durison, Philadelphia County Prison's Director of Classification, wrote to the Department of Corrections informing DOC staff that Mr. Reynolds was not entitled to receive pre-commitment credit on the sentence at MC0485/2006.

7. Eligibility for pre-commitment credit is controlled by 42 Pa.C.S. § 9760 which allows credit for all time spent in custody "as a result of the criminal charge for which a prison sentence is imposed."

8. Pennsylvania Courts held that once an individual has been sentenced by a Pennsylvania Court, he is no longer in custody as a result of a criminal charge or charges for any other offense. *See Commonwealth v. Lloyd,* 353 Pa. Super. 241, 509 A.2d 868(1986).

9. After sentencing by any court, statutory eligibility to accumulate additional increments of creditable time is ended. *Id.*

10. Time spent in custody after sentencing is applied towards satisfaction of the sentence being served. *Id.*

11. A sentenced prisoner is not entitled to receive a duplicate credit for this same time period on a separate sentence subsequently imposed for another offense. *Id.*

12. Based upon *Lloyd*, affording Mr. Reynolds credit on both sentences would result in his receiving duplicate credit. Young Declaration.

13. Mr. Reynolds submitted a grievance asserting that he was in fact entitled to receive duplicate credit which would result in his being released in May, 2008.

14. Following *Lloyd*, the Commonwealth Court of Pennsylvania in *Oakman v. Department of Corrections et al.* 903 A.2d 106(Pa.Commw. Ct),2006 held that pre-commitment credit is controlled by the trial court's order rather than by a prison credit letter.

15. The directions given in *Lloyd* and in *Oakman* resulted in conflicting results with respect to the calculation of pre-commitment credit for Mr. Reynolds. Young Declaration.

16. None of the officials or employees employed by the Department of Corrections have authority to release any prisoners based solely upon his/her requests or demands. Young Declaration.

17. In response to Mr. Reynolds grievance, Mr. Young wrote to the judge in Philadelphia County who sentenced him at MC0485/2006 seeking

information concerning her intent with respect to the credit she intended to allow on that sentence. Young Declaration.

18. Upon receiving a written response from the Philadelphia County judge that she intended Mr. Reynolds to receive what the *Lloyd* decision describes as "duplicate credit", Mr. Young took the steps necessary to have Mr. Reynolds released. Young Declaration.

          **Respectfully submitted,**

          **THOMAS W. CORBETT, JR.**
          **Attorney General**

      **By:**  */s/ Gwendolyn T. Mosley*

| | |
|---|---|
| **Office of Attorney General** | **GWENDOLYN T. MOSLEY** |
| **15th Fl., Strawberry Square** | **Senior Deputy Attorney General** |
| **Harrisburg, PA 17120** | **PA ID 29157** |
| **Direct: (717) 787-1180** | |
| **Fax: (717) 772-4526** | **SUSAN J. FORNEY** |
| **gmosley@attorneygeneral.gov** | **Chief Deputy Attorney General** |
| **Dated: August 20, 2010** | **Chief, Litigation Section** |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL REYNOLDS,** : | |
| : | |
| **Plaintiff** : | |
| : | No. CV-09-2072 |
| v. : | |
| : | |
| **COMMONWEALTH OF PENNSYLVANIA,** : | |
| **DEPARTMENT OF CORRECTIONS, et al.** : | |
| : | |
| **Defendants** : | |
| : | (Electronically Filed) |

## CERTIFICATE OF SERVICE

I, Gwendolyn T. Mosley, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on August 20, 2010, a true and correct copy of the foregoing Statement of Undisputed Material Facts was served via e-mail through the Middle District's electronic filing system upon the following individuals:

Matthew B. Weisberg, Esquire
Rebecca Steiger, Esquire
PROCHNIAK & WEISBERG P.C.
7 S. Morton Avenue
Morton, PA  19070
mweisberg@ppwlaw.com
rsteiger@ppwlaw.com

                                                    **s/Gwendolyn T. Mosley**
                                                    **GWENDOLYN T. MOSLEY**
                                                    **Senior Deputy Attorney General**